IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : NO. 09-174 |
| JAMES DOU | : |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　**February 8, 2022**

Defendant James Dou moves this Court under 18 U.S.C. § 3582 (c)(1)(A)(i) for early, "compassionate" release from his 25-year sentence for a number of carjacking and firearms offenses committed in 2007. Dou has not shown sufficient grounds entitling him to the relief sought and his motion shall therefore be denied.

**CASE HISTORY**

From at least July through October, 2007, Dou was the ringleader of a three-person carjacking ring which committed three armed car jackings and attempted to commit a fourth. In facilitating these crimes, Dou surveilled and targeted his victims based upon the types of vehicles they owned, with the goal of eventually shipping the stolen vehicles to Liberia for resale. Dou's victims were ordinary citizens who were accosted at their homes or workplaces by accomplices hired by Dou. In each case, the victims were threatened at gunpoint, including the teenage daughter of one vehicle owner. In another case, the carjacking occurred while the victim's young child was seated in the back seat. On at least one occasion, Dou supplied the weapon to his accomplice with directions that it be used to threaten the victim. Dou solicited his accomplices at a soccer field in the Kingsessing/Elmwood Park section of West Philadelphia and paid them $500 per carjacked vehicle.

1

Dou was charged on March 19, 2009 in a nine-count Indictment with carjacking, aiding and abetting carjacking and conspiring to do the same, and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 371, 18 U.S.C. § 2119 and 2, and 18 U.S.C. § 924(c)(1) and (2).  On May 19, 2009, Dou pled guilty to Counts 1 through 5 of the Indictment (charging conspiracy to commit armed carjacking and two counts each of armed carjacking and carrying a firearm during and in relation to a crime of violence) before the Honorable Stewart Dalzell.  In exchange for the plea, the Government agreed to dismiss Counts 6 through 9.  Dou was ultimately sentenced on June 11, 2010 to a sentence of 300 months, following the Government's filing of a motion under 18 U.S.C. § 5K1.1 and 18 U.S.C. § 3553(e).  To date, Dou has served roughly ½ of his sentence and is now 35 years old.

**LEGAL STANDARDS**

In his motion, Dou is asking the Court to grant him early "compassionate" release from his 25-year sentence.  Although it is the general rule that a federal court "may not modify a term of imprisonment once it has been imposed," *Dillon v. U.S.,* 560 U.S. 817, 819 (2010), there are a few, very limited exceptions to this rule.  One such exception is outlined in § 3582(c)(1)(A) which affords early "compassionate release" to inmates for whom the Court deems such relief appropriate.  Under 18 U.S.C. § 3582 (c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant:

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,"… and "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Id.*

The § 3553(a) factors which are applicable here are "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[,] … to afford adequate deterrence to criminal conduct[,] [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A) – (C).

**DISCUSSION**

Here, Dou claims that "extraordinary and compelling reasons" for reduction exist in his case as a result of the First Step Act amendment to 18 U.S.C. § 924(c) (using a firearm in relation to a crime of violence). First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22. Under that amendment, § 924(c) now imposes the 25-year mandatory minimum sentence for subsequent offenses only if a defendant already had a final conviction for a § 924(c) offense at the time the second or subsequent such offense was committed. 18 U.S.C. § 924(c)(1)(C)(i). Because Dou was charged under a prior version of the statute of multiple § 924(c) violations in a single prosecution, he faced and was sentenced to a 25-year mandatory minimum sentence on the second and all subsequent violations. *See, e.g., Deal v. United States*, 508 U.S. 129, 132 (1993) (holding requirement under § 924(c) of enhanced sentence for subsequent conviction of carrying firearm during crime of violence was applicable to second through sixth of six counts on which accused was found guilty in single proceeding). Thus, Dou asserts that if he was sentenced today, he would have received a significantly lighter sentence. Dou additionally asserts that he is not the same person that he was when he was sentenced at the age of 21; "over the years," he has proved "that [his] mistake does not define [him] as a person." Dou further claims he has maintained good conduct during his incarceration and has "been involved in multiple programming." If released,

he would live with his mother in Philadelphia. Def's Mot. for Comp. Rel., 4-6, 8, 13 (ECF No. 46).

Dou has satisfied the administrative pre-requisite to filing this motion inasmuch as he submitted a request that a compassionate release motion be filed on his behalf to the Warden of USP Victorville, where he is incarcerated, on October 20, 2021 but never received a response. He filed this motion on February 3, 2021 and as more than thirty days have passed, the Court is thus free to reduce Dou's term of imprisonment if it finds there are extraordinary and compelling reasons to warrant it. However, Dou's argument that the First Step Act amendments to § 924(c) present such extraordinary and compelling reasons has been expressly rejected by the Third Circuit in its August 30, 2021 decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021). The defendant in *Andrews* raised the same arguments as those presented here. After first observing that Congress specifically chose not to apply the new sentencing scheme to people who had already been sentenced under the old version of § 924(c), the Third Circuit found:

> [t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. There is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute…. The nonretroactive changes to the 924(c) mandatory minimums also cannot be a basis for compassionate release.
> *Id.,* at 260-261 (citations omitted).

This Court is bound by *Andrews*. Dou has therefore not shown an extraordinary and compelling reason warranting reduction of his term of imprisonment by the § 924(c)(1)(C)(i) amendment.

Turning to the other reasons advanced by Dou, *i.e.,* his involvement in prison programming, good conduct while incarcerated and positive change in his character, a sentence reduction under § 3582 (c)(1)(A) may be granted by the Court if "after considering the factors set

4

forth in § 3553(a) to the extent they are applicable, it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Nunez*, 483 F. Supp. 3d 280, 284-285 (E.D. Pa. 2020). *Andrews* is also noteworthy for its holding that the existing Sentencing Commission Policy Statement for § 3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13, is not binding on the courts where compassionate release motions are made by the defendants themselves. *Andrews*, 12 F.4th at 259. The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," in light of the "commonplace of statutory interpretation that 'Congress legislates against the backdrop of existing law.'" *Andrews*, 12 F.4th at 260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, ___U.S.___ , 139 S. Ct. 1881, 1890 (2019)). Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may properly be considered for guidance in this inquiry. *Id.* The Policy Statement provides several examples of what may constitute extraordinary and compelling reasons including the defendant suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment. Commentary Application Note 1(A). Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as a result of age or where the caregiver of a defendant's minor children dies or becomes incapacitated or a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver. None of these circumstances has been

pled or shown to exist in Dou's case, and they therefore offer no support to his claim for early release. Again, Dou submits only that his conduct in prison has been good over the past 11 years, he has availed himself of prison programming and has changed such that his past mistakes should no longer define him. The Court is pleased to hear Dou has taken advantage of the prison programming. The Government, however, disputes his claims of exemplary conduct and points out a number of disciplinary infractions over the years for, *inter alia,* insolence to staff members, mail and phone abuse, unlawful possession of a cell phone, refusing to obey orders and refusing a work assignment. Gov't.'s Resp. in Opp. to Def.'s Mot.for Comp. Rel., 4, ECF No. 48. The Government also notes that as a result of its having made a § 5K1.1. motion on his behalf in recognition of his assistance in the prosecution of others in this case, Judge Dalzell imposed a sentence which was nearly 50% from the low end of the guideline range. *Id.,* 3. Dou's sentence was thus significantly less than what it otherwise might have been. The Court does not find the foregoing facts to be supportive of or warrant early release in this case.

      The Court is also obligated to consider the same factors as are examined in sentencing under 18 U.S.C. § 3553(a). Of relevance here are: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant. § 3553(a)(1) – (2). In application of these, the Court observes that Dou was himself the instigator and moving figure behind several very violent car jackings, in which he himself drove the perpetrator to the crime scene on at least one occasion and supplied the weapons to facilitate the crimes in one or more of the others. One of these car jackings was perpetrated on a teenage girl and in another, harm was threatened to a very young child. These crimes were also

not Dou's first exposure to the criminal justice system. Although he was just 20 years old at the time of the car jackings, Dou had several prior drug possession and distribution convictions while a juvenile. The need to impose a sentence designed to justly punish Dou, promote respect for the law, reflect the seriousness of his offenses, deter future crimes and protect the public is self-evident. The fact that Dou has served just over one-half of his sentence, is now approximately 33 years of age and has had a number of disciplinary violations on his prison record all weigh strongly against his compassionate release and militate in favor of not disturbing Dou's existing sentence. The Court therefore finds its discretion is best exercised by denying Dou's motion.

 An Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____

Juan R. Sánchez,   C.J.